UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 19-2743-CJN |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| *Defendant*. ) | |

## DECLARATION OF LAUREN M. BURKE

I, Lauren M. Burke, declare:

1. I am counsel to Judicial Watch, Inc, plaintiff in the above-captioned matter.

2. Attached hereto as *Exhibit A* is a true and correct copy of Defendant United States Department of Justice's ("DOJ") initial four-page record of the electronic communication that initiated the counterintelligence investigation of President Trump's 2016 presidential campaign produced on March 17, 2020 in response to Plaintiff Judicial Watch, Inc.'s ("Judicial Watch") July 11, 2019 Freedom of Information Act ("FOIA") request.

3. Attached hereto as *Exhibit B* is a true and correct copy of the re-processed record, dated February 23, 2021, produced by DOJ to Judicial Watch on March 2, 2021.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 20, 2021 in Baltimore, MD.

                                                                              */s/ Lauren M. Burke*

# EXHIBIT A

U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 17, 2020

William F. Marshall
c/o Chris Fedell & Paul J. Orfanedes
Judicial Watch, Inc
425 Third Street, SW
Suite 800
Washington, DC 20024

FOIPA Request No.: 1442326
Civil Action No.: 19-CV-02743
Subject: The Electronic Communication Which Led to the Initiation of the Counterintelligence Investigation of the Trump Campaign (as Described in the 4/4/18 Letter from Nunes to Wray and Rosenstein)

Dear Mr. Marshall:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

|  | **Section 552** |  | **Section 552a** |
|---|---|---|---|
| ☑ (b)(1) | ☐ (b)(7)(A) |  | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) |  | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) |  | ☐ (k)(1) |
| 50 U.S.C., Section 3024 (i)(1) | ☐ (b)(7)(D) |  | ☐ (k)(2) |
|  | ☑ (b)(7)(E) |  | ☐ (k)(3) |
|  | ☐ (b)(7)(F) |  | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) |  | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) |  | ☐ (k)(6) |
| ☑ (b)(6) |  |  | ☐ (k)(7) |

4 pages were reviewed and 4 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.  **"Part 1"** of the Addendum includes standard responses that apply to all requests.  **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."  Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosure(s)

In response to your Freedom of Information/Privacy Acts (FOIPA) request, enclosed is a processed copy of Bates Stamped documents, FBI (19-cv-2743)-1 through FBI (19-cv-2743)-4. The enclosed documents represent the final release of information responsive to your request.

You were previously advised we were consulting with another agency concerning information related to your litigation.   This consultation is complete and the enclosed material is being released to you with the appropriate exemption noted next to the redacted information pursuant to Title 5, United States Code, Section(s) 552/552a exemptions (b)(1) and (b)(6).

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)   **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies. Private Citizens cannot request a name check.

# EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

ALL FBI INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 11-21-2019 BY [ ] NSICG

FD-1057 (Rev. 5-8-10)

b6 -1
b7C -1
b7E -1

~~SECRET~~/ / ~~ORCON/NOFORN~~

# FEDERAL BUREAU OF INVESTIGATION
### Electronic Communication

(U)   Title:   ~~(S//OC/NF)~~ CROSSFIRE HURRICANE         Date:   07/31/2016

CC:
[                  ]
STRZOK PETER P II

From:   COUNTERINTELLIGENCE
        [        ]
        Contact:   STRZOK PETER P II, [           ]

Approved By:   STRZOK PETER P II

Drafted By:   STRZOK PETER P II

Case ID #:   [            ]   ~~(S//OC/NF)~~ CROSSFIRE HURRICANE;
                              FOREIGN AGENTS REGISTRATION ACT -
                              RUSSIA;
                              SENSITIVE INVESTIGATIVE MATTER

b6 -1
b7C -1
b7E -2
b3 -1
b7E -1

~~DOCUMENT RESTRICTED TO CASE PARTICIPANTS~~
This document contains information that is restricted to case participants.

(U)   Synopsis:   ~~(S//OC/NF)~~ Opens and assigns investigation

~~Reason: 1.4(b)~~
~~Derived From: FBI~~
~~NSISC-20090615~~
~~Declassify On: 20411231~~

[                                                    ]

b7E -3

Details:

(U)   ~~(S//NF)~~ An investigation is being opened based on information received
from Legat [      ] on 07/29/2016.  The text of that email follows:

b7E -2

(U)       ~~SECRET~~/ / ~~ORCON/NOFORN~~

FBI(19-cv-2743)-1

(U) ~~SECRET//ORCON/NOFORN~~

Title: (X//OC/NF) CROSSFIRE HURRICANE  b3 -1
Re: ▮▮▮▮▮, 07/31/2016  b7E -1

BEGIN EMAIL

(U//~~FOUO~~) Legat ▮▮▮ information from ▮▮▮▮▮ Deputy Chief of Mission  b7E -2 / b6 per DOS

Synopsis:
(U//~~FOUO~~) Legat ▮▮▮ received information from the ▮▮▮▮▮ ▮▮▮ Deputy Chief of Mission related to the hacking of the Democratic National Committee's website/server.  b7E -2 / b6 per DOS

Details:
(X//REL TO USA, ▮▮▮) On Wednesday, July 27, 2016, Legal Attaché (Legat) ▮▮▮▮▮ was summoned to the Office of the Deputy Chief of Mission (DCM) for the ▮▮▮▮▮ who will be leaving ▮▮▮ post Saturday, July 30, 2016 and set to soon thereafter retire from government service, advised ▮▮ was called by ▮▮▮▮▮ ▮▮▮▮▮ about an urgent matter requiring an in person meeting with the U.S. Ambassador. [Note: ▮▮▮▮▮ The ▮▮▮ was scheduled to be away from post until mid-August, therefore ▮▮▮ attended the meeting.

(U) ▮▮▮▮▮ advised that ▮▮▮▮ government had been seeking prominent members of the Donald Trump campaign in which to engage to prepare for potential post-election relations should Trump be elected U.S. President. One of the people identified was George Papadopolous (although public media sources provide a spelling of Papadopoulos), who was believed to be one of Donald Trump's foreign policy advisers. Mr. Papadopoulos was located in ▮▮▮ so the ▮▮▮▮▮ met with him on several occasions, with ▮▮▮ attending at least one of the meetings.

(U) ▮▮▮▮▮ recalled ▮▮▮▮▮ of the meetings between Mr. Papadopolous and ▮▮▮▮ concerning statements Mr. Papadopolous made about suggestions from the Russians that they (the Russians) could assist the Trump campaign with the anonymous release of information during the campaign that would be

b6 -1
b7C -1
b7D -1
b7E -2
b6 per DOS

(U) ~~SECRET//ORCON/NOFORN~~

(U) ~~SECRET//ORCON/NOFORN~~

(U) Title: (S//OC/NF) CROSSFIRE HURRICANE
Re: [redacted] 07/31/2016

b3 -1
b7E -1

damaging to Hillary Clinton. [redacted] provided a copy of the reporting that was provided to [redacted] from [redacted] to Legat [redacted] The text is exactly as follows:

[Begin Text]

[redacted] 5. Mr Papadopolous [redacted]

[redacted] also suggested the Trump team had received some kind of suggestion from Russia that it could assist this process with the anonymous release of information during the campaign that would be damaging to Mrs Clinton (and President Obama). It was unclear whether he or the Russians were referring to material acquired publicly of through other means. It was also unclear how Mr Trump's team reacted to the offer. We note the Trump team's reaction could, in the end, have little bearing of what Russia decides to do, with or without Mr Trump's cooperation.

[End Text]

[redacted] (S)

[redacted] Legat requests that further action on this information should consider the sensitivity that this information was provided through informal diplomatic channels from [redacted] to the U.S. Embassy's DCM. It was clear from the conversation Legat [redacted] had with DCM that [redacted] knew follow-up by the U.S. government would be necessary, but extraordinary efforts should be made to protect the source of this information until such a time that a request from our organization can be made to [redacted] to obtain this information through formal channels.

END EMAIL

(U) (S//OC/NF) Based on the information provided by Legat [redacted] this investigation is being opened to determine whether individual(s)

(U) ~~SECRET//ORCON/NOFORN~~

3

FBI(19-cv-2743)-3

Title: (S//OC/NF) CROSSFIRE HURRICANE
Re: 07/31/2016

b3 -1
b7E -1

associated with the Trump campaign are witting of and/or coordinating activities with the Government of Russia.

♦♦

# EXHIBIT B



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

February 26, 2021

William F. Marshall
c/o Chris Fedell & Paul J. Orfanedes
Judicial Watch, Inc
425 Third Street, SW Suite 800
Washington, DC 20024

FOIPA Request No.: 1442326
Civil Action No.: 19-CV-02743
Subject: The Electronic Communication Which Led to the Initiation of the Counterintelligence Investigation of the Trump Campaign (as Described in the 4/4/18 Letter from Nunes to Wray and Rosenstein)

Dear Mr. Marshall:

The enclosed document was reprocessed for additional release of information under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.  Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure.  The appropriate exemptions are noted on the processed pages next to redacted information.  In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions.  An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| Section 552 | | Section 552a |
|---|---|---|
| ☒ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☒ (b)(3) | ☒ (b)(7)(C) | ☐ (k)(1) |
| 50 U.S.C., Section 3024 (i)(1) | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☒ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☒ (b)(6) | | ☐ (k)(7) |

4 page was reviewed and 4 page is being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency.  The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.  **"Part 1"** of the Addendum includes standard responses that apply to all requests.  **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.

**"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

*[signature]*

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosures:

In response to your Freedom of Information/Privacy Acts (FOIPA) request, enclosed is the reprocessed copy of Bates Stamped documents, FBI (19-cv-2743)-1 through FBI (19-cv-2743)-4. The enclosed documents represent the final release of information responsive to your request.

You were previously advised we were consulting with another agency concerning information related to your litigation. This consultation is complete and the enclosed material is being released to you with the appropriate exemption noted next to the redacted information pursuant to Title 5, United States Code, Section(s) 552/552a exemptions (b)(1) and (b)(6).

## FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i) **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii) **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i) **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii) **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii) **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i) **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii) **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii) **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv) **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies. Private Citizens cannot request a name check.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

ALL FBI INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 11-21-2019 BY [redacted] NSICG

Case 1:19-cv-02743-CJN   Document 26-2   Filed 04/20/21   Page 16 of 19

b6 -1
b7C -1
b7E -1

FD-1057 (Rev. 5-8-10)

(U)         SECRET//ORCON/NOFORN

# FEDERAL BUREAU OF INVESTIGATION
### Electronic Communication

(U)  Title: (S//OC/NF) CROSSFIRE HURRICANE          Date: 07/31/2016

CC: JONATHAN C. MOFFA                                                b6 -1
    [redacted]                                                       b7C -1
    STRZOK PETER P II

From: COUNTERINTELLIGENCE
      [redacted]                                                     b7E -2
      Contact: STRZOK PETER P II, [redacted]

Approved By: STRZOK PETER P II

Drafted By: STRZOK PETER P II

Case ID #: [redacted]      (S//OC/NF) CROSSFIRE HURRICANE;           b3 -1
                           FOREIGN AGENTS REGISTRATION ACT -         b7E -1
                           RUSSIA;
                           SENSITIVE INVESTIGATIVE MATTER

---------- DOCUMENT RESTRICTED TO CASE PARTICIPANTS ----------
This document contains information that is restricted to case participants.

(U)  Synopsis: (S//OC/NF) Opens and assigns investigation

Reason: 1.4(b)
Derived From: FBI
NSISC-20090615
Declassify On: 20411231

Full Investigation Initiated: 07/31/2016

Details:

(U)  (S//NF) An investigation is being opened based on information received   b7E -2
from Legat [redacted] on 07/29/2016. The text of that email follows:

(U)          SECRET//ORCON/NOFORN

(U)        ~~SECRET//ORCON/NOFORN~~

Title: ~~(S//OC/NF)~~ CROSSFIRE HURRICANE                                      b3 -1
Re: [redacted]  07/31/2016                                                     b7E -1

BEGIN EMAIL

(U//~~FOUO~~) Legat [redacted] information from [redacted] Deputy        b7E -2
Chief of Mission                                                          b6 per DOS

Synopsis:
(U//~~FOUO~~) Legat [redacted] received information from the [redacted]  b7E -2
[redacted] Deputy Chief of Mission related to the hacking of the Democratic   b6 per DOS
National Committee's website/server.

Details:

(U) b6 -1
    b7C -1    ~~(S//REL TO USA,~~ [redacted] On Wednesday, July 27, 2016, Legal Attaché (Legat)
    b7D -1    [redacted] was summoned to the Office of the Deputy Chief of
    b7E -2    Mission (DCM) for the [redacted] who                               b6 per DOS
              will be leaving [redacted] post Saturday, July 30, 2016 and set to soon
              thereafter retire from government service, advised [redacted] was called by
b6 per DOS
b7D -1        [redacted]
b7E -2        [redacted] about an urgent matter requiring an in person
              meeting with the U.S. Ambassador. [Note: [redacted]
              [redacted] The [redacted]                                          b7D -1
              [redacted] was scheduled to be away from post until mid-August,    b7E -2
                                                                                 b6 per DOS
(U)           therefore [redacted] attended the meeting.
              [redacted] advised that [redacted] government
b7D -1        had been seeking prominent members of the Donald Trump campaign in
b7E -2        which to engage to prepare for potential post-election relations should
              Trump be elected U.S. President. One of the people identified was
              George Papadopolous (although public media sources provide a spelling
              of Papadopoulos), who was believed to be one of Donald Trump's foreign
              policy advisers. Mr. Papadopoulos was located in [redacted] so the   b7D -1
              [redacted] met with him on several occasions,                       b7E -2
              with [redacted] attending at least one of the meetings.

(U)    [redacted] recalled [redacted]                                             b7D -1
       of the meetings between Mr. Papadopolous and [redacted]                    b7E -2
       concerning statements Mr. Papadopolous made about suggestions from the
       Russians that they (the Russians) could assist the Trump campaign with
       the anonymous release of information during the campaign that would be

(U)                 ~~SECRET//ORCON/NOFORN~~

2

FBI(19-cv-2743)-2

(U) ~~SECRET//ORCON/NOFORN~~

(U) Title: ~~S//OC/NF~~ CROSSFIRE HURRICANE
Re: [redacted] 07/31/2016

b3 -1
b7E -1

damaging to Hillary Clinton. [redacted] provided a copy of the reporting that was provided to [redacted] from [redacted] to Legat [redacted] The text is exactly as follows:

b6 -1
b7C -1
b7D -1
b6 per DOS

[Begin Text]

[redacted] 5. Mr Papadopolous [redacted]

b7D -1
b7E -2

[redacted] also suggested the Trump team had received some kind of suggestion from Russia that it could assist this process with the anonymous release of information during the campaign that would be damaging to Mrs Clinton (and President Obama). It was unclear whether he or the Russians were referring to material acquired publicly of through other means. It was also unclear how Mr Trump's team reacted to the offer. We note the Trump team's reaction could, in the end, have little bearing of what Russia decides to do, with or without Mr Trump's cooperation.

[End Text]

[redacted]

b1 per DOS
b7D -1
b7E -2

(U) [redacted] Legat requests that further action on this information should consider the sensitivity that this information was provided through informal diplomatic channels from [redacted] to the U.S. Embassy's DCM. It was clear from the conversation Legat [redacted] had with DCM that [redacted] knew follow-up by the U.S. government would be necessary, but extraordinary efforts should be made to protect the source of this information until such a time that a request from our organization can be made to [redacted] to obtain this information through formal channels.

b7D -1
b7E -2
b6 -1
b7C -1

b7D -1
b7E -2

END EMAIL

(U) ~~S//OC/NF~~ Based on the information provided by Legat [redacted] this investigation is being opened to determine whether individual(s)

b7E -2

(U) ~~SECRET//ORCON/NOFORN~~

3

~~(U)~~ ~~SECRET//ORCON/NOFORN~~

(U) Title: ~~(S//OC/NF)~~ CROSSFIRE HURRICANE
Re: [redacted] 07/31/2016

b3 -1
b7E -1

associated with the Trump campaign are witting of and/or coordinating activities with the Government of Russia.

◆◆