IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br><br>    Plaintiff,<br><br>          v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 1:19-cv-02743-CJN |

## SECOND DECLARATION OF MICHAEL G. SEIDEL

I, Michael G. Seidel, declare as follows:

(1)  I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD"), Federal Bureau of Investigation ("FBI"), Winchester, Virginia. My previous declaration dated December 14, 2020, explained my employment history and responsibilities at the FBI. (ECF No. 19-3, "First Seidel Declaration".) The statements contained in this declaration are based on my personal knowledge upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith. This declaration incorporates and supplements my prior declaration and is filed in support of Defendant's Reply in Support of Motion for Summary Judgment and Opposition to Cross-Motion for Summary Judgment to address specific concerns raised by Plaintiff in its April 20, 2021 Cross-Motion and Opposition to Summary Judgment. (ECF No. 26, "Cross-Opp MSJ".)

1

(2)     Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of Plaintiff's request at issue in this lawsuit.

### EXEMPTIONS 6 AND 7(C) PERSONAL PRIVACY

(3)     It is the FBI's policy to release all names of high-ranking FBI officials in policy-making positions, as well as individuals in public positions, as they do not have privacy rights while acting in their official capacity. The FBI conducted a secondary review of the withheld names and determined that the name of one individual on Bates page 1 should be disclosed. The FBI determined that the names and identifying information of other individuals withheld were appropriately withheld pursuant to Exemptions 6 and 7(C) to protect the names and identifying information of FBI Special Agents and Professional Staff that were not high-ranking FBI officials in policy-making or public positions. Plaintiff claims "the identities of FBI personnel and government officials involved in the Crossfire Hurricane investigation are well-documented in open-source media and publicly available." (Cross-Opp MSJ, Sec II ¶4.) However, Plaintiff has provided no evidence that DOJ or FBI previously released the redacted names and identifying information contained within this particular record, nor has Plaintiff provided evidence of a significant public interest in the release of the names and identifying information of these individuals. Plaintiff merely states disclosure of the names and identifying information of these individuals is in the public interest but does not explain how or why. Accordingly, the FBI can identify no public interest in the disclosure of these individual's names and identifying information that would shed light on or significantly increase the public's understanding of the operations and activities of the FBI. Therefore, the FBI concluded the non-existent public

2

interest here was insufficient to override these individuals' substantial privacy interests. Accordingly, the FBI properly protected these individuals' privacy interests pursuant to Exemptions 6 and 7(C).

## EXEMPTION 7(D) CONFIDENTIAL SOURCE

(4)     Plaintiff previously conceded that there was an express assurance of confidentiality applicable to page 3 of the EC. Plaintiff claims that as a result of the FBI's re-processing, during which the FBI further defined the placement of applicable exemptions by aligning the applicable exemption notation more closely to the portion of the paragraph to which the exemption applied, Plaintiff is now better able to formulate his challenges to the applicability of the exemptions. *See* ECF 26, Sec I, ¶4. However, with both versions of the document, Plaintiff was fully aware that exemption 7(D) applied to information within those paragraphs as the redaction blocks themselves have not changed and the exemptions identified were, at all times, placed near the withheld information. The FBI did not adjust or remove any redaction blocks it placed on the information previously covered as it relates to FBI's application of 7(D). *See* ECF 26, Exh A & Exh B.

(5)     As stated in the First Seidel Declaration, the FBI located information provided by a foreign government that was sensitive, specific, and detailed in nature. The FBI also determined that the foreign government requested that extraordinary efforts be made to protect the source of this information. On Bates pages 2 and 3, the FBI withheld the identity of the source and the information provided by the source pursuant to an express assurance of confidentially. *See* First Seidel Declaration ¶¶ 24-29. Accordingly, the FBI maintains its position that FOIA Exemption 7 (D) applies to protect the identity of, and information provided by, a confidential source in the record at issue.

3

## EXEMPTION 7 (E) INVESTIGATIVE TECHNIQUES

(6)     The FBI protected methods and techniques involving the location and identity of an FBI squad and legat location involved in the investigation of Crossfire Hurricane as described in First Seidel Declaration. Such locations are usually found in the administrative headings but can also be located elsewhere within FBI documents, such as within the body of an EC. Plaintiff sought the opening EC of Crossfire Hurricane, and the investigation involved the actions of a squad and legat. Certain FBI squads are highly specialized and are involved in deployment of specific investigative techniques and procedures. Disclosure of locations, in the context of a particular investigation, provides insight into available resources, capabilities and/or vulnerabilities. Additionally, it reveals the availability of specific resources at that location. Revealing their involvement in the context of a particular investigation would reveal non-public details concerning which techniques and procedures were deployed in certain investigative circumstances. More specifically, because legats are operated in foreign countries, revealing the identity of a legat in the context of a specific investigation, could reveal the identity of a foreign government and its cooperation – or level of cooperation - with FBI. This divulges the ability (or inability) of the FBI to obtain information related to subjects of investigation within a defined geographical area in specific types of investigations, information not publicly known.

(7)     In summary, the FBI withheld the involvement of a particular squad and legat to avoid disclosing coordination with a specific foreign government, a valuable tool utilized by the FBI. Armed with knowledge of where the FBI is able to coordinate with foreign governments, criminals could use such information to adjust their behavior and activities to circumvent FBI law enforcement efforts in those locations. Moreover, divulging the identity of foreign governments that choose to cooperate with the FBI could result in the loss of a valuable tool the

FBI utilizes to further investigations. Accordingly, the FBI properly asserted Exemption 7(E) to withhold this information.

## CONCLUSION

(8) The FBI has properly withheld information pursuant to the applicable FOIA exemptions and released all reasonably segregable non-exempt information from the documents that are subject to the FOIA. Additionally, the FBI has provided clarification in response to issues raised by the Plaintiff in its Cross-Opp MSJ concerning FBI's application of FOIA Exemptions 6, 7(C), 7(D), and 7(E).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of June 2021.

MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC., )
)
)
Plaintiff, )
v. ) Civ. Action No. 1:19-cv-02743
U.S. DEPARTMENT OF JUSTICE )
)
)
)
Defendant. )
-------------------------------------------------

### SECOND DECLARATION OF ERIC F. STEIN

Pursuant to 28 U.S.C. § 1746, I, Eric F. Stein, declare and state as follows:

1. I am the Director of the Office of Information Programs and Services ("IPS") of the United States Department of State (the "Department" or "State") and have served in this capacity since January 22, 2017. Previously, I served as the Acting Director since October 16, 2016, and as the Acting Co-Director since March 21, 2016. I am the Department official immediately responsible for responding to requests for records under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552, the Privacy Act of 1974, 5 U.S.C. § 552a, and other records access provisions. As the Director of IPS, I have original classification authority and am authorized to classify and declassify national security information. Prior to serving in my current capacity, I worked directly for the Department's Deputy Assistant Secretary ("DAS") for Global Information Services ("GIS") and served as a senior advisor and deputy to the DAS on all issues related to GIS offices and programs, which include IPS.

2. The core responsibilities of IPS include: (1) responding to records access requests made by the public (including under the Freedom of Information Act, the Privacy Act, and the mandatory declassification review requirements of Executive Order No. 13,526 of December 29, 2009, governing classified national security information), by members of Congress, by other government agencies, and those made pursuant to judicial process such as subpoenas, court orders, and discovery requests; (2) records management; (3) privacy protection; (4) national security classification management and declassification review; (5) corporate records archives management; (6) research; (7) operation and management of the Department's library; and (8) technology applications that support these activities.

3. I am familiar with the efforts of Department personnel to process the FOIA request that is the subject of this litigation. I make the following statements based upon my personal knowledge, which in turn is based upon information furnished to me in the course of my official duties.

4. I have previously submitted another declaration, ECF No. 19-3, Ex. F, in this case. This declaration responds to Plaintiff's Cross-Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment ("Cross-Motion"), ECF No. 26, and supplements the previous declaration with additional justification about the withholdings the Department requested the Federal Bureau of Investigation ("FBI") make on its behalf pursuant to FOIA Exemptions 1 and 6 with respect to one document that FBI sent to the Department for consultation and review of its equities contained therein.

## I. FOIA EXEMPTIONS CLAIMED

### FOIA Exemption 1 – National Security Information

5. 5 U.S.C. § 552(b)(1) states that the FOIA does not apply to matters that are:

> specifically authorized under the criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and are in fact properly classified pursuant to such executive order.

6. The Department withheld one paragraph in the document under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to Executive Order 13,526 sections 1.4(b) and (d), which protect foreign government information and foreign relations or foreign activities of the United States, including confidential sources, respectively. The withheld information reflects diplomatic discussions and would reveal cooperation with a foreign government, done with the expectation of confidentiality, on a sensitive national security topic. It includes information classified at the SECRET level because its unauthorized disclosure reasonably could be expected to cause serious damage to the national security.

7. As the Director of IPS, I have been delegated the authority to classify or declassify information in accordance with Section 1.7(d) of E.O. 13,526. I took classification action on one paragraph in the document described in my previous declaration after I had been delegated the authority to do so and after having personally reviewed the document. I have re-reviewed the document and determined that the information withheld under Exemption 1 continues to meet the classification criteria of E.O. 13,526, and the Department has not previously authorized public release of this information or officially acknowledged the information.

### FOIA Exemption 6 – Personal Privacy

8. 5 U.S.C. § 552(b)(6) states that the FOIA does not apply to:

> ...personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy....

9. Courts have interpreted the language of Exemption 6 broadly to encompass all information that applies to an individual without regard to whether it was located in a particular type of file. Inasmuch as information withheld under FOIA Exemption 6 identifies a specific individual, a personal privacy interest exists in the information. I am required, therefore, to determine whether there exists any public interest in disclosure and, if a public interest is implicated, to weigh any such interest against the privacy interest to determine whether disclosure would constitute a clearly unwarranted invasion of personal privacy.

10. In this case, the Department withheld information that would reveal the identity and post of a specific Department employee who is discussed in relation to providing information related to the hacking of the Democratic National Committee's website/server. I have previously stated that, in light of the impeachment proceedings held in 2019 and 2020, the high-profile nature of Russia-related policy matters, and the intensive and frequently hostile nature of the discussion of and speculation about these matters online and in other forums, there is a substantial risk that an employee who appears in the responsive document—particularly in the context of relaying information about the hacking—could face significant harassment and unwanted attention if his or her identity were released. Furthermore, the individual's name and post are being identified in the context of the initiation of the FBI's "Crossfire Hurricane" investigation, the high-profile counterintelligence investigation into Russian interference in the 2016 Presidential election. The FBI has not officially acknowledged this individual's involvement with the investigation or his or her location, increasing both the individual's privacy interest regarding being involved in the initiation of the investigation as well as the likelihood

that release would engender additional stigma and speculation regarding the specific individual and his or her location.

11. The Department has weighed the public and privacy interests in the information and determined that the public interest in the official role of the individual who is identified in an FBI record regarding the initiation of the Crossfire Hurricane investigation as having provided information related to the hacking of the Democratic National Committee's website/server—Deputy Chief of Mission—outweighs the privacy interest. Accordingly, the Department has released that information. However, there is limited public interest in knowing the specific name and location of the individual because that detail alone sheds little light on the operations of the U.S. Government, while the individual has a strong privacy interest in being free from undue harassment in relation to a high-profile investigation.

12. Accordingly, I have determined that the privacy interests in the withheld information clearly outweigh any public interest in disclosure of such personal information. Thus, release of this information would constitute a clearly unwarranted invasion of personal privacy, and the information is, therefore, exempt from release under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).

## II. CONCLUSION

13. In summary, I have re-reviewed the information that the Department requested that FBI withhold under FOIA Exemptions 1 and 6 and determined that no segregation of additional meaningful information in the document could be made without disclosing information warranting protection under the law.

\* \* \*

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Executed this 2nd day of June 2021, Washington, D.C.

_____

Eric F. Stein